UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rhonda Yvette Poindexter, | ) | CASE NO. 4: 23 CV 1049 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Full Line Real Estate Construction, LLC, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Rhonda Yvette Poindexter has filed a "Complaint and Request for Injunction" (hereinafter "Complaint") against Full Line Real Estate and Construction, LLC ("Full Line"), Musawar Jamil, Mahoning County Sheriff Jerry Greene, Mahoning Count Clerk Anthony Vivoin, and Youngstown Municipal Court Magistrate Meghan Brundege. (Doc. No. 1.) Although her Complaint is unclear and does not set forth specific allegations or legal claims against each Defendant, it purports to assert a litany of claims apparently challenging an eviction action brought against her in Youngstown Municipal Court. *See id*. at 3, ¶ II.B; *Full Line Real Estate and Construction LLC v. John Doe, et al.,* 23 CVG-01127Y (Youngstown Municipal Court). In her Statement of Claim, she simply states: "unlawful sale of [her] inherited property." (Doc. No. 1 at 4, ¶ III.A.) She appears to seek only unspecified injunctive relief.

With her Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. No.

2.)  That motion is granted.  For the reasons stated below, her Complaint is dismissed.

## Standard of Review and Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court must review her Complaint and dismiss it before service if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Even liberally construed, the Court finds Plaintiff's Complaint fails to state a plausible claim against any Defendant upon which the Court may grant her relief.

Although *pro se* pleadings are generally entitled to liberal construction and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).   Plaintiff's Complaint is so unclear and conclusory that it fails to meet basic pleading requirements or provide a basis to establish the Court's subject-matter jurisdiction over any non-frivolous federal claim in the case. *See, e.g., Hendrock v. Gilbert*, 68 Fed. App'x, 573 (6th Cir. 2003) (holding that *in forma pauperis pro se* complaint was properly dismissed where it was vague, conclusory, and contained no factual allegations upon which a valid federal claim could rest).

Further, the Court lacks jurisdiction to hear Plaintiff's challenges to the state-court eviction action.

"*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty*., 534 Fed. App'x 399, 406 (6th Cir. 2013).  To the extent the state eviction proceeding that is the subject of Plaintiff's Complaint is still pending, all three factors supporting abstention are present. Housing matters implicate important state interests, *see Doscher v. Menifee Circuit Court*, 75 Fed. App'x 996, 996-97 (6th Cir. 2003), and Plaintiff has not demonstrated that she could not raise federal concerns she has in the context of the state proceedings.

To the extent the state-court eviction proceedings are no longer pending, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, which "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision."  *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted).  "[A] federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the

Supreme Court of the United States.").  "Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court."  *Higgs*, 2021 WL 2270707, at *2.  *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6ᵗʰ Cir. 2005) (affirming dismissal of a plaintiff's claims resting on premise that state foreclosure judgment was invalid); *Doscher*, 75 Fed. App'x 996.

### Conclusion

Based on the foregoing, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: September 11, 2023                    /s/ John R. Adams
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE

4